IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL ECCLESTON JACKSON, | : | CIVIL NO. 3:15-cv-2459 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| LORETTA LYNCH, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Paul Eccleston Jackson ("Jackson"), a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from his prolonged mandatory detention without a bond hearing. (Doc. 1). Initially, this Court denied the petition. (Doc. 23, pp. 2, 3). Jackson successfully appealed and the matter is presently on remand from the United States Court of Appeals for the Third Circuit to determine whether Jackson's detention, governed by 8 U.S.C. § 1231(a), is in accord with the statutory and constitutional framework created by Zadvydas v. Davis, 533 U.S. 678 (2001). (Docs. 26, 31).

For the reasons set forth below, the petition for writ of habeas corpus will be granted and Jackson will be ordered released.

## I. Background

### A. Removal Proceedings

Jackson, according to ICE documents, is a native and citizen of Jamaica who entered the United States as a Lawful Permanent Resident in 1981. (Doc. 16, p. 19). On July 29, 1988, Jackson was convicted in the United States District Court for the Eastern District of Virginia of Possession with Intent to Distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841. (Id. at 22). He was ordered deported from the United States on February 2, 1993; he was deported on that same date. (Id. at 23). Subsequent illegal re-entries into the United States resulted in deportations on April 26, 1994, August 8, 1996, and January 29, 2009. (Id.) It appears that he was also charged with Re-entry after Deportation in violation of 8 U.S.C. § 1326 in 1998. (Id. at 22).

Most recently, Jackson entered or attempted to enter the United States without being admitted on March 31, 2012. (Id. at 23). Immigration proceedings in Miami, Florida resulted in an April 10, 2012 Order of Removal of Jackson from the United States to Jamaica. (Id. at 25). He waived his appeal of the removal order. (Id.). On July 27, 2012, he pled guilty in the United States District Court for the Southern District of Florida to Illegal Re-entry after deportation pursuant to 8 U.S.C. §1326(a) and (b)(2), and was sentenced to 52 months imprisonment and

remanded to the custody of the Federal Bureau of Prisons ("BOP"). (Id. at 26, 27). On April 10, 2015, following service of his sentence, he was released from BOP custody and placed in ICE custody.

In December 2015, Jackson filed a motion to reopen his removal proceedings to consider new evidence of his citizenship. (Jackson v. Attorney General of the United States, 3d Cir. No. 17-1318, Petition for Review). The Immigration Judge ("IJ") denied his request. (Id.) Jackson appealed to the Board of Immigration Appeals ("BIA") and, in January 2017, the BIA denied the appeal. (Id.) On February 8, 2017, Jackson filed a Petition for Review in the Third Circuit Court of Appeals pursuant to 8 U.S.C. § 1252(b) wherein he specifically seeks a determination that he is a citizen of the United States. (Id.) The matter is currently pending.

### B. Federal Court Proceedings

Jackson first filed in this Court a "Memorandum of Law" bearing the caption of the United States Court of Appeals for the Third Circuit Court ("Third Circuit Court of Appeals"), pursuant to 8 U.S.C. § 1252(b)(5), alleging "a claim to United States Nationality Upon a Petition for Review…" on April 24, 2015. (Jackson v. United States, et al., M.D.Pa. Civ. No. 3:15-cv-0812, Doc. 1, p. 1). The matter was construed as a petition for review of a final order of removal and

3

transferred to the Third Circuit Court of Appeals in accordance with 8 U.S.C. § 1252(a) (1) and (5), on May 13, 2015. (Id. at Doc. 5). On June 24, 2015, the Third Circuit Court of Appeals granted Respondents' motion to dismiss the petition on the grounds that it did not challenge the final order of removal but, instead, sought direct review of the decision of the Administrative Appeals Office of the United States Citizenship and Immigration Service to reject, as untimely, Jackson's appeal of the denial of a citizenship application. (Jackson v. Attorney General of the United States, 3d. Cir. No. 15-2085).

On June 30, 2015, Jackson filed in this Court a "Motion to Declare United States Citizenship," wherein he indicated that, after being placed in immigration proceedings in 1988, he contacted the "I.N.S. office" in Pittsburgh, Pennsylvania, informing him that he is the son of a "born U.S. Citizen father," but that he never received a response. (Jackson v. United States of America Attorney General, M.D.Pa. Civ. No. 3:15-cv-1281, Doc. 1, p. 2). He also indicated that he raised the issue of his citizenship again during a 1992 deportation hearing. (Id. at 3). This Court concluded that Jackson was seeking a declaration that he is a United States Citizen for purpose of being relieved of a final order of removal, determined that jurisdiction over final orders of removal lies exclusively in the court of appeals pursuant to a petition for review, and on July 14, 2015, transferred the matter to the

4

Third Circuit Court of Appeals pursuant to 8 U.S.C. § 1252(a)(1) and (5). (Jackson v. United States of America Attorney General, M.D.Pa. Civ. No. 3:15-cv-1281, Doc. 4). On February 2, 2016, the Third Circuit Court of Appeals concluded that the issue of Jackson's citizenship did not arise in connection with the removal proceedings and concluded that the district court had jurisdiction to consider the declaratory judgment action and transferred the matter back to this Court. (Jackson v. United States of America Attorney General, M.D.Pa. Civ. No. 3:15-cv-1281, Doc. 5). The government moved for reconsideration. On February 24, 2016, the Third Circuit Court of Appeals, issued an order vacating its prior order, in part, and remanding the matter to this Court to explain whether "the issue of [Jackson's] status as a national of the United States . . . arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act." (Jackson v. United States of America Attorney General, M.D.Pa. Civ. No. 3:15-cv-1281, Doc. 15, citing 8 U.S.C. §1503(a)(1)). On April 22, 2016, this Court determined that it lacked jurisdiction because the issue of Jackson's citizenship arose in connection with his removal proceedings; the action was dismissed. (Jackson v. United States of America Attorney General, M.D.Pa. Civ. No. 3:15-cv-1281, Doc. 21). Jackson appealed. The appeal is currently pending in

the Third Circuit Court of Appeals. (Jackson v. Attorney General, United States of America, 3d. Cir. No. 16-2121).

On October 21, 2015, Jackson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his alleged unlawful detention while awaiting a decision from the Third Circuit Court of Appeals on his petition for review. (Jackson v. Johnson, M.D.Pa. Civ. No. 3:15-cv-2046, Doc. 1). The petition was denied on October 27, 2015. (Jackson v. Johnson, M.D.Pa. Civ. No. 3:15-cv-2046, Doc. 5). Jackson did not appeal.

Jackson filed the present petition on December 21, 2015, challenging his alleged unlawful detention. (Doc. 1). An Order entered on April 22, 2016, denying the petition. As noted, *supra*, Jackson successfully appealed and the matter is presently on remand for purposes of determining the propriety of Jackson's detention. (Docs. 26, 31).

Most recently, as noted above, on February 8, 2017, Jackson filed a Petition for Review in the Third Circuit Court of Appeals seeking a determination, pursuant to 8 U.S.C. § 1252(d)(5), that he is a citizen of the United States. (Jackson v. Attorney General of the United States, 3d Cir. No. 17-1318, Petition for Review). That petition is currently pending.

## II. Discussion

It is undisputed that Jackson is detained under 8 U.S.C. § 1231(a), which governs the detention of aliens with final orders of removal. Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a ninety day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). While, during the ninety day "removal period," the alien must be detained, see id. § 1231(a)(2), after the ninety day removal period, the government may further detain the alien or release him subject to conditions of release. See id. § 1231(a)(6). The statute also "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id.

at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six

months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on April 10, 2015, the date Jackson was taken into ICE custody.[1] Approximately twenty-seven months have elapsed since Jackson's initial placement in ICE custody.  Respondents argue that his extended period of detention is proper pursuant to 8 U.S.C. § 1231(a)(1)(C).  Section 1231(a)(1)(C) provides that when an alien subject to a final order of removal "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal," the removal period "shall be extended beyond a period of 90 days."  8 U.S.C. § 1231(a)(1)(C).  In support, Respondents assert that "Jackson has continually made improper and deficient filings presenting collateral attacks to his removal order in both the district court and the court of appeals."  (Doc. 35, p. 8).  Respondents urge the Court to deny the petition because Jackson has the " 'keys to his freedom,'

---

[1] As noted by Respondents, on July 20, 2016, the Third Circuit issued a stay in Jackson v. Attorney General, United States of America, 3d. Cir. No. 16-2121, that remains in effect to date. (Doc. 35, p. 4). However, the stay was not issued in connection with a removal order.  It was issued pending resolution of Jackson's appeal of this Court's conclusion that it lacked jurisdiction pursuant to 8 U.S.C. § 1503(a), to consider declaratory judgment action to declare him a United States Citizenship.  See Prieto-Romero v Clark, 534 F.3d 1053, 1060 n.6 (9th Cir. 2008) (stating that "[t]he beginning of the removal is not delayed by every judicially entered stay" and noting that "the entry of a stay of removal for any reason [other than review of a removal order]— for example, a stay entered while a court reviews a §2241 habeas petition or petition for review of the BIA's denial of a motion to reopen—does not prevent the removal period from beginning.").

Pelich, 329 F.3d at 1060, by ceasing to file collateral actions and improper requests for stays of removal." (Id. at 18).

Respondents' characterizations of Jackson's filings are inaccurate. Jackson has consistently challenged his removal on the basis that he is a United States citizen. Although he has utilized improper channels and landed in incorrect forums, there can be no doubt of Jackson's resolute attempts to advance his citizenship claim. Further, there is absolutely no support for Respondents' contention that the sole purpose of his many filings is to thwart or delay his removal or that his removal has been frustrated by his refusal to cooperate with the removal process. The filings speak for themselves. The Court declines to authorized continued detention pursuant to 8 U.S.C. § 1231(a)(1)(C).

Respondents alternatively argue that Jackson has failed to demonstrate that there is not a significant likelihood of removal in the reasonably foreseeable future. (Doc. 35, p. 13). Recent developments dictate to the contrary. In December 2015, Jackson filed a motion to reopen his removal proceedings to consider new evidence of his citizenship. (Jackson v. Attorney General of the United States, 3d Cir. No. 17-1318, Petition for Review). The IJ denied his request and his appeal to the BIA was unsuccessful. On February 8, 2017, Jackson filed a Petition for Review in the Third Circuit Court of Appeals pursuant to 8 U.S.C. § 1252(b)

10

wherein he specifically seeks a determination that he is a citizen of the United States. (Id.) The matter is currently pending. Notably, in a recent filing, the Attorney General indicates that the parties recognize that there is an issue of fact with regard to Jackson's citizenship claim and that it is not opposed to Jackson's motion to transfer the matter to the district court for purposes of resolving the issue citizenship. (Id., Unopposed Motion, 6/30/17). Further, in addition to the petition for review, there is also pending in the Third Circuit Court of Appeals the appeal concerning the jurisdictional issue of Jackson's motion to declare citizenship pursuant to 8 U.SC. § 1503.

Jackson has now been in ICE custody for a period of approximately 27 months, well beyond the presumptively reasonable time period set forth in Zadvydas. It is clear that the process of resolving Jackson's citizenship will be time-consuming and could result in Jackson being detained for many months in addition to the twenty-seven months he has already spent in custody. Such prolonged detention is not reasonable and removal is far from foreseeable. Accordingly, the Court will grant the petition for writ of habeas corpus.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be granted and Jackson will be ordered released.

An appropriate order will issue.

                                      **BY THE COURT:**

                                      **s/James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

**Dated:**     July 17, 2017